IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 19-1001-JB-MU ) |
| STATE OF ALABAMA, *et al.,* | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On November 18, 2019, Plaintiff James Edward Jones filed a *pro se* Complaint against the State of Alabama and possibly several other defendants[1] seemingly arising from his allegedly wrongful arrest for violation of the current sex offender registration laws. (Doc. 1). Plaintiff also filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). The Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) on February 6, 2020 and ordered him to pay the required filing fee to proceed with this action on or before March 4, 2020. Plaintiff was advised in the Order that failure to pay his filing fee by that date would result in a recommendation that his complaint be dismissed, without prejudice.

As of today's date, Plaintiff has not paid the required filing fee nor has he filed a request for an extension of time to pay the fee or for any other relief. Because of Plaintiff's failure to pay the filing fee, his failure to comply with the Court's February 6,

---

[1] In the style of his complaint, Plaintiff lists only the State of Alabama as a defendant, *see* Doc. 1, but in the style of his motion to proceed without prepayment of fees, he lists Det. Mark Tunstall, Judge Zoghby, and Gregory Reese as defendants, *see* Doc 2. The only one of these who he asserts any allegations against in the body of his complaint is Mark Tunstall, *see* Doc. 1.

2020 order, and his failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **recommended** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **16th** day of **April, 2020**.

                                    /s/ P. Bradley Murray
                                    **UNITED STATES MAGISTRATE JUDGE**